UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TIMOTHY MONROE,
    *Plaintiff*,

v.

NEW NEIGHBORHOODS, INC., et al.
*Defendants*.

No. 3:23-cv-835 (VAB)

### RULING AND ORDER

On June 26, 2023, Timothy Monroe ("Plaintiff"), proceeding *pro se*, filed this action against several defendants, alleging that his mail and subsequently his identity were stolen. Complaint, ECF No. 1 (Jun. 26, 2023)("Compl."), at 2–4. Plaintiff seeks general monetary awards. Compl., at 6. On the same day, Plaintiff filed a motion to proceed *in forma pauperis*. Motion for Leave to Proceed *In Forma Pauperis,* ECF. No. 2 (Jun. 26, 2023) ("Pl.'s Mot.").

For the following reasons, this case is **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(i).

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action will be deemed frivolous when "either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted).

"A claim is based on an indisputably meritless legal theory when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Id.* (internal quotations and citations omitted).

When a plaintiff appears *pro se*, the court must construe their complaint liberally in the plaintiff's favor holding it to "less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation omitted); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The complaint must still include, however, "sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief." *Shabazz v. Valentine*, No. 3:14-cv-1711 (JBA), 2014 U.S. Dist. LEXIS 167220, *1–2 (D. Conn. Dec. 3, 2014); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56, 570 (2007) (plaintiff must plead "enough facts to state a claim to relief that is plausible on its face").

A claim contains the requisite "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations are not sufficient; a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (citation and internal quotation marks omitted)

When a "*pro se* complaint is so frivolous that, construing the complaint under the liberal rules applicable to [such] complaints, it is unmistakably clear that the court lacks jurisdiction or that the claims [lack] merit," the court has the power to dismiss *sua sponte*. *Mendlow v. Seven Locks Facility*, 86 F. Supp. 2d 55, 57 (D. Conn. 2000). Additionally, "if the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiff's Complaint alleges that, at some point before June 26, 2023, his mail was stolen, either from his mailbox or from the mailroom in his apartment complex. Compl., at 2. Plaintiff states that, approximately one and a half months after his mail was stolen, it was returned to him, glued back together. Compl., at 3. Finally, Plaintiff concludes his Complaint by stating that a tax return had been submitted and that his identity had been stolen. Compl., at 4. As a result, Plaintiff's claim asserts mail theft and identity theft as causes of action.

In 2023, the United States District Court for the Eastern District of New York delt with a similar mail theft issue and reached the conclusion that "[a]lthough there are federal statutes criminalizing mail theft and related activities, these laws do not create a private cause of action." *Mason-Ramsey v. Ramsey*, No. 23-CV-1257 (PKC) (VMS), 2023 U.S. Dist. LEXIS 126137, *3-4 (E.D.N.Y. July 20, 2023). Courts have consistently reached this conclusion. *See Muth v. Kiefer*, No. 19-CV-413 (TJM/DEP), 2019 U.S. Dist. LEXIS 79850, 2019 WL 2082259, at *1 (N.D.N.Y. May 13, 2019) (recognizing that 18 U.S.C. § 1702 is a "criminal statute [which] punishes interference with the mail and contains no private civil right of action."); *Pierre v. United States Postal Serv.*, No. 18-CV-7474 (MKB), 2019 U.S. Dist. LEXIS 25460, 2019 WL 653154, at *3 (E.D.N.Y. Feb. 15, 2019) ("The Court has no jurisdiction to adjudicate Plaintiff's mail fraud/theft claim as the mail theft statutes do not create a private cause of action."); *McFarlane v. Roberta*, 891 F. Supp. 2d 275, 285 (D. Conn. 2012) ("[I]t does not appear that Congress intended to create a private, civil cause of action based on its [18 U.S.C. § 1708] violation."); *Woods v. McGuire*, 954 F.2d 388, 391 (6th Cir. 1992) ("[F]ederal courts uniformly have held that there is no private right of action under [18 U.S.C. § 1703].").

Additionally, in the United States District Court for the Northern District of New York, that court faced the identity theft claim raised by Plaintiff. In that case, *Helmer v. Capital One*,

3

No. 6:22-cv-1082 (GTS/TWD), 2022 U.S. Dist. LEXIS 235921, *7 (N.D.N.Y. Nov. 9, 2022), the court dismissed the plaintiff's identity theft claim under 18 U.S.C. § 1028, and held that it "is purely criminal in nature and creates no private right of action." (quoting *Hernandez v. Doe*, No. 16-CV-2375 (KAM) (LB), 2016 U.S. Dist. LEXIS 126843, 2016 WL 4995231, at *2 (E.D.N.Y. Sept. 18, 2016)); *see Garay v. U.S. Bancorp*, 303 F. Supp. 2d 299, 303 (E.D.N.Y. 2004) (the Identity Theft and Assumption Deterrence Act of 1998, 18 U.S.C. § 1028 "provides no private right of action[,]" and "there is no private right of action for mail fraud" under 18 U.S.C. § 1341); *Hernandez v. Doe*, 2016 U.S. Dist. LEXIS 126843 at *5 ("To the extent plaintiff seeks to invoke the federal identity theft statute, 18 U.S.C. § 1028, a criminal law, federal courts have held that 18 U.S.C. § 1028 is purely criminal in nature and creates no private right of action.").

Here, Plaintiff too has brought civil claims under criminal statutes for which private civil causes of action do not exist. As a result, viewing this Complaint in the light most favorable to the Plaintiff, this Court lacks jurisdiction over these claims.

Accordingly, this Complaint will be dismissed *sua sponte*, as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] On July 24, 2024, Plaintiff filed another document described as an amended affidavit, in which he identified ten Defendants, nine of which do not overlap with those listed on the current complaint. Amended Affidavit, ECF No. 7 (July 24, 2024). In that affidavit, Plaintiff alleged several grievances against only the nine new Defendants, such as sexual assault from state police officers and subsequent acts of harassment from other state officers. *Id.* On September 16, 2024 and September 30, 2024, Plaintiff filed additional documents, consisting of medical records under seal and allegations relating to events that occurred in September 2024 that allegedly involved Hartford Health Care and Chase Bank. Exhibit, ECF No. 9 (September 16, 2024); Exhibit, ECF No. 10 (Sept. 30, 2024). To the extent Plaintiff seeks to amend his Complaint with these filings, Plaintiff's amendment does not comply with Fed. R. Civ. P. 20. *See Thompson v. Lemon*, No. 23-CV-2102 (LTS), 2024 U.S. Dist. LEXIS 78874, *7 (S.D.N.Y. Apr. 29, 2024). ("By contrast, under Rule 20, a plaintiff may not pursue unrelated claims against multiple defendants." (citing Fed. R. Civ. P. 20(a)(2))); *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 160 (S.D.N.Y. 2009) (holding that under Rule 20(a)(2)(A) plaintiff's allegations against multiple defendants must arise out of the "same transaction, occurrence, or series of transactions and occurrences." (quoting Fed. R. Civ. P. 20(a)(2)(A))); *Harnage v. Chapdelaine*, No. 3:16-cv-1576 (AWT), 2016 U.S. Dist. LEXIS 198646, *4–5 (D. Conn. Dec. 5, 2016). ("Rule 20(a)(2) permits the joinder of multiple defendants in a single action if two criteria are met: (a) the claims 'aris[e] out of the same transaction, occurrence, or series of transactions and occurrences'; and (b) 'any questions of

For the foregoing reasons, this case is **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(i).

The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED** at New Haven, Connecticut, this 4th day of October, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

law or fact common to all defendants will arise in the action.'" (quotng Fed. R. Civ. P. 20(a)(2))). If Plaintiff wishes to bring allegations against other defendants for unrelated acts, he must file a separate action.